UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TRUE EARTH HEALTH PRODUCTS, LLC,

                       Plaintiff,                      **SUA SPONTE REPORT & RECOMMENDATION**

   -against-

                                                      CV 20-4374 (JS) (AYS)

BEAUTY BLAST, INC.;
18 NUTRITION, INC.;
IURII KOROLOV; and
VICTOR KUDRYAVTSEV,

                       Defendants.
-----------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

       Plaintiff, True Earth Health Products, LLC ("Plaintiff"), commenced this action on September 17, 2020, alleging federal trademark and unfair competition claims against various Defendants, pursuant to the Lanham Act, 15 U.S.C. §§ 1121 et seq. and New York State common law. Specifically, Plaintiff alleges that Defendants – competitors of Plaintiff – posted false and misleading online reviews of Plaintiff's product, PLEXADERM®, while simultaneously praising Defendants' product, KREMOTEX®. (Compl., Docket Entry ("DE") [1], ¶¶ 10-48.)

       Aside from the filing of a Complaint, Plaintiff has failed to advance this action in any way. Defendants have never even been served with the Complaint herein. For the reasons set forth below, this Court respectfully recommends that this action be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

DISCUSSION

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 day after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Where the plaintiff demonstrates good cause for the failure to serve the defendant, the court must extend the time for service for an appropriate period. See id.

This case was commenced on September 17, 2020. (Compl., DE [1].) No summonses were ever submitted for issuance. (See Notation dated September 18, 2020.) Nor have any of the Defendants been served herein, despite the deadline to do so having passed on December 16, 2020.

By Order dated November 24, 2021, this Court directed Plaintiff to show cause, in writing, by December 8, 2021, as to why the Complaint herein was not served within the time frame set forth in the Federal Rules of Civil Procedure. The Order to Show Cause further advised Plaintiff that failure to comply with the Order would result in a report and recommendation to the District Court that this action be dismissed. (Order to Show Cause dated Nov. 24, 2021.)

Plaintiff failed to respond to the Order to Show Cause. Nor has Plaintiff communicated with the Court in any way. The filing of the Complaint is the only action that Plaintiff has taken with respect to this litigation, thereby wholly failing to advance this case in any way.

Based on the foregoing, this Court respectfully recommends that this action be dismissed, without prejudice, for failure to serve Defendants, as required by Federal Rule of Civil Procedure 4(m).

RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that this action be dismissed, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED:**

Dated: Central Islip, New York
       March 8, 2022

                                                      /s/ Anne Y. Shields
                                                      ANNE Y. SHIELDS
                                                      United States Magistrate Judge